**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of themselves and all others similarly situated,<br><br>     Plaintiff,<br><br>    v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA L.P., ZENECA, INC., and ZENECA HOLDINGS, INC.<br><br>     Defendants | Civil Action No. 1:06-cv-02157-RWR |
| BURLINGTON DRUG COMPANY, INC., DIK DRUG COMPANY, and KING DRUG COMPANY OF FLORENCE, INC., on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>    v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA L.P., ZENECA, INC., and ZENECA HOLDINGS, INC.<br><br>     Defendants | Civil Action No. 1:07-cv-00041-RWR |

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br>                       Plaintiffs,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA L.P., ZENECA, INC., and ZENECA HOLDINGS, INC.<br><br>                       Defendants | Civil Action No. 1:06-cv-02155-RWR |
| THE HARVARD DRUG GROUP, LLC, on behalf of themselves and all others similarly situated,<br>                       Plaintiffs,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA L.P., ZENECA, INC., and ZENECA HOLDINGS, INC.<br><br>                       Defendants | Civil Action No. 1:07-cv-00370-RJL |

**SUPPLEMENT TO LWD PLAINTIFFS' MOTION
FOR ENTRY OF PROPOSED CASE MANAGEMENT ORDER NO. 1**

      Louisiana Wholesale Drug Co., Inc., Burlington Drug Company, Inc., Dik Drug Company, and King Drug Company of Florence, Inc. (collectively, the "LWD Plaintiffs"), together with Meijer, Inc., and Meijer Distribution, Inc. ("Meijer") submit this supplement to LWD Plaintiffs' January 31, 2007 Motion for Entry of Proposed Case Management Order No. 1 (the "Motion") and move for entry of the revised Case Management Order No. 1 ("CMO No. 1") (attached hereto as Ex. A), (1) consolidating all similar direct purchaser antitrust class actions

against AstraZeneca Pharmaceuticals L.P. et al. ("AstraZeneca") and (2) appointing Garwin Gerstein & Fisher LLP ("Garwin Gerstein") as Chairman of the Executive Committee.[1]

On January 31, 2007, the LWD Plaintiffs moved the Court to provide for the consolidation of these actions and any other class actions filed in or transferred to this District on behalf of direct purchasers of omeprazole and its enantiomers (including the prescription drugs Prilosec, Nexium and any AB-rated generic equivalents of either), and for an organization of plaintiffs' counsel as set forth in CMO No. 1.  The January 31, 2007 Motion sought the appointment of Garwin Gerstein as Chairman of the Executive Committee.  At that time, Meijer did not join in the motion.  Meijer and the LWD Plaintiffs have now reached an agreement as to the proposed leadership structure which is set forth in proposed CMO No.1 attached hereto.

On February 16, 2007, Plaintiff The Harvard Drug Group, LLC ("Harvard Drug") which is represented by Cohen, Milstein, Hausfeld, & Toll, P.L.L.C. ("Cohen Milstein") filed a complaint in this District making nearly the same antitrust allegations, and seeking the same relief against AstraZeneca, as the three direct purchaser class action complaints filed by the LWD Plaintiffs and Meijer.  Counsel for the LWD Plaintiffs and Meijer have consulted with counsel for Harvard Drug regarding this motion, and counsel for Harvard Drug does not support the proposed leadership structure in proposed CMO No. 1.

---

[1]The "Chairman of the Executive Committee" as used in this Supplement, and "Lead Counsel" as used in the January 31, 2007 Motion, are functionally identical and represents a change in name only.

Based upon the foregoing, as further detailed in the Motion, the LWD Plaintiffs and Meijer respectfully request that the revised CMO No. 1, attached hereto, be entered.

Dated: February 27, 2007                                    Respectfully submitted,

/s/ David U. Fierst
Stein, Mitchell & Mezines, LLP
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036-4195
Fax: (202) 296-8312
E-mail: dfierst@steinmitchell.com

| | |
|---|---|
| GARWIN GERSTEIN & FISHER LLP<br>Bruce E. Gerstein<br>Barry S. Taus<br>Brett Cebulash<br>Kevin Landau<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br>Tel: (212) 398-0055<br>Fax: (212) 764-6620 | BERGER & MONTAGUE, P.C.<br>Daniel Berger<br>David F. Sorenson<br>Eric L. Cramer<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Tel: (800) 424-6690<br>Fax: (215) 875-4604 |
| ODOM & DES ROCHES, L.L.P.<br>John Gregory Odom<br>Stuart E. Des Roches<br>Suite 2020, Poydras Center<br>650 Poydras Street<br>New Orleans, LA 70130<br>Tel: (504) 522-0077<br>Fax: (504) 522-0078 | PHELPS DUNBAR, LLP<br>Brent B. Barrier<br>365 Canal Street, Suite 2000<br>New Orleans, LA  70130<br>Tel: (504) 566-1311<br>Fax: (504) 568-9130 |
| PERCY, SMITH & FOOTE, L.L.P.<br>David P. Smith<br>Ross Foote<br>720 Murray Street<br>P.O. Box 1632<br>Alexandria, LA 71309<br>Tel: (318) 445-4480<br>Fax: (318) 487-1741 | KOZYAK TROPIN & THROCKMORTON<br>Adam Moskowitz<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, FL 33134<br>Tel: (305) 372-1800<br>Fax: (305) 372-3508<br><br>**Counsel for the LWD Plaintiffs** |

KAPLAN FOX & KILSHEIMER LLP
Linda P. Nussbaum
805 Third Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 687-1980
Fax: (212) 687-7714

SPERLING & SLATER, P.C.
Paul E. Slater
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 641-3200
Fax: (312) 641-6492

VANEK, VICKERS & MASINI, P.C.
Joseph M. Vanek
David Germaine
225 W. Washington, 18th Floor
Chicago, IL 60606
Tel: (312) 224-1500
Fax: (312) 224-1510

**Counsel for Meijer**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LOUISIANA WHOLESALE DRUG CO., INC., on behalf of themselves and all others similarly situated,<br>　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA L.P., ZENECA, INC., and ZENECA HOLDINGS, INC.<br>　　　　　　Defendants | Civil Action No. 1:06-cv-02157-RWR |
| BURLINGTON DRUG COMPANY, INC., DIK DRUG COMPANY, and KING DRUG COMPANY OF FLORENCE, INC., on behalf of themselves and all others similarly situated,<br>　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA L.P., ZENECA, INC., and ZENECA HOLDINGS, INC.<br>　　　　　　Defendants | Civil Action No. 1:07-cv-00041-RWR |

1

| | |
|---|---|
| MEIJER, INC. and MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br>       Plaintiffs,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA L.P., ZENECA, INC., and ZENECA HOLDINGS, INC.<br><br>       Defendants | Civil Action No. 1:06-cv-02155-RWR |
| THE HARVARD DRUG GROUP, LLC, on behalf of themselves and all others similarly situated,<br>       Plaintiffs,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA L.P., ZENECA, INC., and ZENECA HOLDINGS, INC.<br><br>       Defendants | Civil Action No. 1:07-cv-00370-RJL |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 1

  **WHEREAS**, several class actions have been filed against AstraZeneca Pharmaceuticals L.P., AstraZeneca L.P., Zeneca, Inc., and Zeneca Holdings, Inc. (collectively "AstraZeneca" or "Defendants"), in the United States District Court for the District of Columbia for alleged violations of the antitrust laws regarding the sale of omeprazole and/or any of its enantiomers (including the prescription drugs Prilosec, Nexium and any AB-rated generic equivalents of

2

either) by Defendants; and

**WHEREAS**, in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide for the consolidation of the above-captioned actions and any other class actions filed in or transferred to this District on behalf of direct purchasers, and for the appointment of an Executive Committee for Plaintiffs to coordinate the efforts of counsel in these actions.

**IT IS ORDERED** as follows:

I. **CONSOLIDATION OF ACTIONS**

Pursuant to FED. R. CIV. P. 42(a), the above captioned actions (each of which is brought as a class action and each of which asserts similar claims under Section 2 of the Sherman Act, 15 U.S.C. § 2) shall be consolidated for pre-trial proceedings, discovery, and trial (the "Consolidated Actions").

II. **MASTER DOCKET AND SEPARATE ACTION DOCKETS**

A Master Docket is hereby established for the Consolidated Actions and for all other cases which may be filed in or transferred to this Court and consolidated herewith. The Master Docket shall be Case No. 1:06-cv-02157-RWR. Entries in the Master Docket shall be applicable to these Consolidated Actions as more fully set forth below. Separate dockets shall also be maintained for each of the actions comprising the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order.

III. **MASTER FILE AND SEPARATE ACTION FILES**

A Master File is hereby established for these Consolidated Actions and for all other cases

which may be filed in or transferred to this Court and consolidated herewith. The Master File shall be Case No. 1:06-cv-02157-RWR. The original of this Order shall be filed by the Clerk of the Court in the Master File herein established. The Clerk of Court shall maintain a separate file for each of the actions comprising the Consolidated Actions and filings shall be made therein in accordance with the regular procedures of the Clerk of Court except as modified by this Order. The Clerk of Court shall file a copy of this Order in each such separate file.

**IV.     CAPTION OF CASES**

      A.     Every pleading filed in the Consolidated Actions shall bear the following caption:

```
_____
                                       )
IN RE OMEPRAZOLE DIRECT                )
PURCHASER ANTITRUST LITIGATION         ) Master File No. 1:06-cv-02157-RWR
                                       )
_____        )
                                       )
                                       )
THIS DOCUMENT RELATES TO:              )
                                       )
_____        )
```

All papers previously filed and served to date in either of the actions consolidated herewith are deemed part of the record in the Consolidated Actions.

      B.     When a pleading or other court paper filed in the Consolidated Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intend to be applicable only to one, or some, but not all of the Consolidated Actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable by last name of the named plaintiff(s) and the docket number(s).

## V.    **FILING AND DOCKETING**

A.    When a paper is filed and the caption, pursuant to Section IV.B. above, shows that it is to be applicable to "All Actions," the Clerk of Court (or the party filing via ECF) shall file such paper in the Master File and note such filing in the Master Docket. No further papers need be filed or docket entries made.

B.    When a paper is filed and the caption, pursuant to Section IV.B. above, shows that it is to be applicable to fewer than all of the Consolidated Actions, the Clerk of Court (or the party filing via ECF) shall file an original of such paper in the Master File and a copy in the file of each specific action to which the paper is intended to be applicable, and shall note such filing in the Master Docket and in the docket of each such action. It shall be the responsibility of the party filing such paper to supply the Clerk of Court with sufficient copies of any paper to facilitate compliance with the directions of this paragraph.

## VI.    **APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED OR TRANSFERRED CASES**

Counsel in the Consolidated Actions shall call to the attention of the Court the filing or transfer of any related direct purchaser action arising out of similar facts and circumstances and that therefore might properly be consolidated with the Consolidated Actions. Counsel in the Consolidated Actions shall promptly mail a copy of this Order to counsel for the plaintiff(s) in each such subsequently filed or transferred direct purchaser action and to counsel for any Defendants in each such action not already a party to any action then consolidated. Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for plaintiffs in the Consolidated Actions and counsel for Defendants shall submit to the Court a proposed Order

consolidating any such action. Any party objecting to the application of this Order to such a subsequently filed or transferred action, or to the subsequently filed or transferred actions consolidation, shall, within twenty (20) days after the date upon which such a copy of this Order is mailed by counsel in the Consolidated Actions to counsel for such party, file a motion seeking relief from this Order.

## VII.   ORGANIZATION OF COUNSEL

    A.     The Court designates the following to act on behalf of all plaintiffs in the Consolidated Direct Purchaser Class Actions, with the responsibilities hereinafter described:

        1.     As liaison counsel in the Consolidated Direct Purchaser Class Actions:

> David U. Fierst
> STEIN, MITCHELL & MEZINES LLP
> 1100 Connecticut Avenue, N.W.
> Suite 1100
> Washington, D.C. 20036
> Tel: (202) 737-7777
> Fax: (202) 296-8312

        2.     As Chairman of the Executive Committee in the Consolidated Direct Purchaser Class Actions:

> Bruce E. Gerstein
> Barry S. Taus
> Brett Cebulash
> Kevin Landau
> GARWIN GERSTEIN & FISHER LLP
> 1501 Broadway, Suite 1416
> New York, NY 10036
> Tel: (212) 398-0055
> Fax: (212) 764-6620

        3.     The Court designates a four-member Executive Committee, which shall consist of the designated Chairman of the Executive Committee in paragraph VII.A.2 and three

member firms, as follows:

        John G. Odom
        Stuart Des Roches
        ODOM & DES ROCHES, L.L.P.
        650 Poydras Street
        Suite 2020
        New Orleans, LA 70130
        Tel: (504) 522-0077
        Fax: (504) 522-0078

        Linda Nussbaum
        KAPLAN FOX & KILSHEIMER LLP
        805 Third Avenue
        New York, NY 10022
        Tel: (212) 687-1980
        Fax: (212) 687-7714

        Daniel Berger
        David F. Sorensen
        Eric L. Cramer
        BERGER & MONTAGUE, P.C.
        1622 Locust Street
        Philadelphia, PA 19103
        Tel: (800) 424-6690
        Fax: (215) 875-4604

      B.      Liaison Counsel, under the direction of the Chairman of the Executive Committee, in the Consolidated Direct Purchaser Class Actions is charged with performing on behalf of all Plaintiffs in those respective actions administrative matters such as communications between the Court and other counsel (including receiving and distributing notices, orders, motions and briefs on behalf of the group), advising parties of developments in the case and otherwise assisting in the coordination of activities and positions.

      C.      The Chairman of the Executive Committee, after consultation with the other Executive Committee members, shall have primary authority over the following matters on

behalf of all plaintiffs in the Consolidated Direct Purchaser Class Actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendants; and (h) other matters concerning the prosecution of or resolution of the Consolidated Direct Purchaser Class Actions. The Chairman of the Executive Committee shall be responsible for the overall direction and administration of the Consolidated Direct Purchaser Class Actions.

      D.      No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Direct Purchaser Class Actions except through the Chairman of the Executive Committee.

      E.      The Chairman of the Executive Committee and Liaison Counsel (under the direction of the Chairman of the Executive Committee) in the Consolidated Direct Purchaser Class Actions shall have sole authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs. Defendants' counsel may rely on all agreements made with the Chairman of the Executive Committee or Liaison Counsel (under the direction of the Chairman of the Executive Committee) and such agreements shall be binding on all counsel in the Consolidated Direct Purchaser Class Actions.

      F.      The organizational structure of plaintiffs' counsel established in paragraph VII. herein shall apply to plaintiffs' counsel in the Consolidated Direct Purchaser Class Actions and any other related action filed and consolidated subsequently.

      G.      **Time Records.** Plaintiffs' counsel shall keep contemporaneous time records and

shall periodically submit summaries or other records of time and expenses to the Chairman of the Executive Committee, or their designee.

## VIII. FILING AND SERVICE OF DOCUMENTS

A. **Orders.** A copy of each order in any of the Consolidated Actions will be provided to the Chairman of Plaintiffs' Executive Committee and to defendants' counsel of record.

B. **Pleadings, Motions, and Other Documents.** Any party in the Consolidated Actions shall effect service of all papers on all parties in the Consolidated Actions as follows: (a) defendants' counsel of record shall serve all papers upon the Chairman of the Executive Committee and Liaison Counsel in the Consolidated Actions, and (b) counsel for plaintiffs in the Consolidated Actions shall serve all papers on each of defendants' counsel of record.

C. Filing and service of any document in the Consolidated Actions may be effected by transmitting a copy (for service) or the original (for filing) of the document by overnight courier for next-business-day delivery, by telecopier (for service only), or by hand delivery. Filing or service, as the case may be, shall be deemed effective on the date on which the document is sent (*i.e.*, provided to the overnight courier even though delivery will not occur until the next business day), is telecopied (for service only), or is hand delivered.

D. Notwithstanding any other provisions herein, the Parties may file and serve all papers in accordance with the Electronic Case Filing Policies and Procedures ("ECF Procedures") of this Court. Defendants' service of papers by ECF Procedures constitutes service on Plaintiffs. Plaintiffs may serve papers on Defendants by ECF Procedures. To the extent that ECF Procedures do not apply, the parties shall serve papers in the manner described above.

**SO ORDERED.**

Dated: _____, 2007       _____
                                          Hon. Richard W. Roberts, U.S.D.J.