**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____X
                                       :
Walgreen Co., et al.,                  :
            Plaintiffs,                :   Civil Case Number:
       v.                              :   1:06-cv-02084-RWR
AstraZeneca Pharmaceuticals L.P., et al., :
            Defendants.                :
_____X
                                       :
Rite Aid Corporation, et al.,          :
            Plaintiffs,                :   Civil Case Number:
       v.                              :   01:06-cv-02089-RWR
AstraZeneca Pharmaceuticals L.P., et al., :
            Defendants.                :
_____X
                                       :
Louisiana Wholesale Drug Co., Inc., et al., :
            Plaintiffs,                :   Civil Case Number:
       v.                              :   01:06-cv-02157-RWR
AstraZeneca Pharmaceuticals L.P., et al., :
            Defendants.                :
_____X
                                       :
Burlington Drug Company, Inc., et al., :
            Plaintiffs,                :   Civil Case Number:
       v.                              :   01:07-cv-00041-RWR
AstraZeneca Pharmaceuticals L.P., et al., :
            Defendants.                :
_____X
                                       :
Meijer, Inc., et al.,                  :
            Plaintiffs,                :   Civil Case Number:
       v.                              :   01:06-cv-02155-RWR
AstraZeneca Pharmaceuticals L.P., et al., :
            Defendants.                :
_____X
```

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ORAL ARGUMENT ON
DEFENDANTS' MOTION TO DISMISS**

July 30, 2007

Plaintiffs join in Defendants' Local Rule 7(f) request that this Court schedule oral

argument on Defendants' motion to dismiss the complaints in these actions.  Plaintiffs believe that oral argument may assist the Court in its understanding of the issues presented, including: (1) the economics of pharmaceutical markets and the operation of state and federal regulation of pharmaceutical products; and (2) the proper scope of discovery prior to a resolution of Defendants' motions to dismiss.  However, Plaintiffs dispute Defendants' characterization of the strength of Plaintiffs' claims, and the burden Defendants will purportedly face if this Court permits discovery to proceed prior to a determination of Defendants' motions.

*First*, it is Defendants, not Plaintiffs, who seek an "unprecedented exception" to the controlling law in this Circuit.  By asking this Court to presume that its design change is exempt from antitrust scrutiny even though Nexium offered no benefits to consumers, Defendants ask this Court to apply a rule of *per se* legality for a monopolist's design change – a rule expressly rejected in *United States v. Microsoft*, 253 F.3d 34 (D.C. Cir. 2001) (*en banc*) ("*Microsoft II*").  Although Defendants disavow that they are advocating a *per se* rule, Defendants' efforts to preclude *any* inquiry into whether Defendants' introduction of Nexium harmed consumers or had an anticompetitive effect belies that rhetoric.[1]  Because Plaintiffs have plainly alleged a *prima facie* case of consumer harm under the rule of reason analysis mandated by *Microsoft II*, Defendants' motions to dismiss must be denied.

*Second*, while Defendants decry the expense and burden of discovery prior to a ruling on the motion to dismiss, Defendants ignore (again) Plaintiffs' request for documents produced by

---

[1] Although Defendants repeatedly invoke a rule involving the introduction of products that expand, rather than limit, consumer choices, such a rule is inapplicable here, where: (1) Plaintiffs' allegations, which must be taken as true on a motion to dismiss, demonstrate that there are no procompetitive justifications for Defendants' design change, since it brought no benefits of any kind to consumers; (2) at the pleading stage, courts may not even consider a defendants' proffered justification, and (3) Defendants have offered no proof that the introduction of Nexium benefitted consumers.

Defendants in the California Litigation in a manner that would cause the Defendants to incur no costs, expenses, or any other burden whatsoever. Although Plaintiffs believe that they are currently entitled to discovery beyond the California Litigation documents – because Defendants have failed to make the "strong showing" necessary to stay all discovery prior to a resolution of the motion to dismiss – at the very least, Plaintiffs should be permitted to obtain such relevant documents at no burden to Defendants. That Defendants have chosen to incur more costs by fighting Plaintiffs' access to such documents may indicate that Defendants' real concern is not financial burden, but stonewalling the discovery process.

Therefore, there is no need, as Defendants' request, to postpone a Rule 16(b) hearing until, or in conjunction with, oral argument on Defendants' motions to dismiss. Plaintiffs have demonstrated that their claims are likely to survive Defendants' motion to dismiss, and have identified a subset of relevant documents that can be produced to Plaintiffs immediately at no cost to Defendants. Plaintiffs' efforts to move this case forward efficiently should not, therefore, be stymied while the parties await the Court's decision on the motion to dismiss.

## CONCLUSION

Plaintiffs request that the Court schedule oral argument on Defendants' motion to dismiss. However, the Court need not postpone a Rule 16(b) hearing until after, or during, oral argument on Defendants' motion.

Respectfully submitted, this 30th day of July, 2007, at Washington, D.C.

By: /s/ David U. Fierst
David U. Fierst, #912899
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Tel: (202) 737-7777
Fax: (202) 296-8312

Bruce E. Gerstein, Esq.
Barry S. Taus, Esq.
Brett Cebulash, Esq.
Kevin S. Landau, Esq.
GARWIN GERSTEIN & FISHER LLP
1501 Broadway
Suite 1416
New York, NY 10036

Daniel Berger, Esq.
David F. Sorensen, Esq.
Eric Cramer, Esq.
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
Charles F. Zimmer II, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith, Esq.
W. Ross Foote, Esq.
PERCY, SMITH & FOOTE L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309

Brent B. Barriere, Esq.
PHELPS DUNBAR LLP
Canal Place
365 Canal Street
Suite 2000
New Orleans, LA 70130

Adam Moskowitz, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor

Miami, Fl 33131-2335

Linda Nussbaum, Esq.
Robert N. Kaplan, Esq.
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, NY 10022

Robert D.W. Landon, III, Esq.
Scott Eliot Perwin, Esq.
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, FL 33131

Lauren C. Ravkind, Esq.
KENNY NACHWALTER, P.A.
111 Congress Avenue
Suite 1060
Austin, TX 78701

Joseph T. Lukens, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6933

Steve D. Shadowen, Esq.
Monica L. Rebuck, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street
Suite 700
Harrisburg, PA 17101-1713

## CERTIFICATE OF SERVICE

I hereby certify that I have this 30th day of July, 2007, served a true and correct copy of the foregoing on below-listed counsel of record in this proceeding, by electronic means, as well as by United States mail, properly addressed and first class postage prepaid.

/s/ David U. Fierst
David U. Fierst

**Counsel of Record:**
Mark Haddad
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

John Treece
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

*Attorneys for Defendants*

Bruce E. Gerstein, Esq.
Barry S. Taus, Esq.
Brett Cebulash, Esq.
Kevin S. Landau, Esq.
GARWIN GERSTEIN & FISHER LLP
1501 Broadway
Suite 1416
New York, NY 10036

Daniel Berger, Esq.
David F. Sorensen, Esq.
Eric Cramer, Esq.
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
Charles F. Zimmer II, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith, Esq.
W. Ross Foote, Esq.
PERCY, SMITH & FOOTE L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309

Brent B. Barriere, Esq.
PHELPS DUNBAR LLP
Canal Place
365 Canal Street
Suite 2000
New Orleans, LA 70130

Adam Moskowitz, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Miami, Fl 33131-2335

Linda Nussbaum, Esq.
Robert N. Kaplan, Esq.
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

Robert D.W. Landon, III, Esq.
Scott Eliot Perwin, Esq.
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, FL 33131

Lauren C. Ravkin, Esq.
KENNY NACHWALTER, P.A.
111 Congress Avenue
Suite 1060
Austin, TX 78701

Joseph T. Lukens, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6933

Steve D. Shadowen, Esq.
Monica L. Rebuck, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street
Suite 700
Harrisburg, PA 17101-1713

*Attorneys for Plaintiffs*